JOHN CAPPS, impleaded, &c., appellant, v. JOHN SMITH et al., appellees.

*Appeal from Sangamon.*

To an action of debt against two, upon two promissory notes, one of the defendants, B, pleaded that at the time of making the notes, A was indebted to the plaintiffs in the sum of $1587.69, and as security for the payment thereof, by A, the plaintiffs held a mortgage executed by A, to secure the sum of $2101.24, on real estate, duly recorded; and that at the time of making the two notes, B executed the same, and one other note for the same amount, as surety only for the said defendant A, and at the special instance and request of the plaintiffs, and on the express condition that the plaintiffs would assign or transfer said mortgage to the defendant B, as his security for signing said notes; and that was the only consideration for the execution of said notes by the defendant B, to the plaintiffs. " That the plaintiffs have not hitherto transferred or assigned said mortgage to the defendant, in accordance with the condition aforesaid, and that the consideration of said notes, as to defendant B, has wholly failed" : *Held,* that the plea was a valid defence to the action against B.

The rule is well settled, that where the undertakings of the parties to a contract are mutual, one in consideration of the other, and no time is fixed for their performance, they are to be regarded as dependent contracts, which neither party can enforce, without averring and proving a performance, or at least an offer to perform, on his part.

THIS cause was heard in the Court below, at the July term, 1840, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiffs, for $958.46 debt, and $183.50 damages, upon demurrer to the plea of the defendant, the present appellant.

S. STRONG, for the appellant.

S. T. LOGAN, for the appellee.

WILSON, Chief Justice, delivered the opinion of the (old) Court: (1)

The plaintiffs below, John and William Smith, filed their *petition* in the Court below, on two promissory notes, for $529.03 each, executed to them by Jabez Capps and John Capps. Process was served on John Capps only, who appeared and pleaded two pleas, *nil debet,* and a special plea. By agreement of the counsel, it is understood that the plea of *nil debet* is to be considered as withdrawn, and a demurrer having been sustained by the Court to the special plea, the question thereby raised is, as to the legal effect of such plea, which is in substance as follows : That at the time of making said notes, to wit, on the 16th of December, 1835, Jabez Capps was indebted to the plaintiffs in the sum of $1587.69, and as security for the payment thereof, by Jabez Capps, the plaintiffs then and there had and held a mortgage executed by Jabez Capps, on the 29th of May, 1832, to secure the sum of $2101.24, on real estate, duly recorded; and that at the

(1) LOCKWOOD, Justice, was not present at the argument of this cause, and gave no opinion.

time of making the two notes in the petition mentioned, John Capps executed the same, and one other note of the same amount, as surety only for the said defendant, Jabez Capps, and at the special instance and request of the plaintiffs, and on the express condition that the plaintiffs would assign or transfer said mortgage to the defendant, John Capps, as his security for signing said notes; and that was the only consideration for the execution of said notes by the defendant, John Capps, to the plaintiffs. That the plaintiffs have not hitherto transferred or assigned said mortgage to defendant, in accordance with the condition aforesaid, and that the consideration of said notes, as to defendant, John Capps, has wholly failed.

By the plaintiffs it is contended, that the contract, as contained in the notes, is complete, and cannot be invalidated, otherwise than by impeaching the consideration of the notes, and that this cannot be done, inasmuch as there is a sufficient consideration between the principals, which has not failed. It is also contended, that the contract is not violated by the plaintiffs, because no time was fixed within which the mortgage was to be assigned.

Without controverting the position, that, as a general rule, the surety to a note is liable where a consideration has passed to the principal, it is sufficient to observe, that the execution of the notes by the defendant, Jabez Capps, is only part of an entire contract, in which John Capps is a principal party, on the one side, and the plaintiffs on the other. By the terms of this agreement, as set out in the plea, the defendant, John Capps, is to execute his notes to the plaintiffs, as the security of Jabez Capps, and the plaintiffs, as an inducement, and in consideration therefor, are to assign to him a mortgage, which they hold on the property of Jabez Capps. These undertakings are mutual and dependent, one being the consideration for the other.

The object of the plaintiffs seems to have been to exchange the security afforded by the mortgage, for that afforded by the name of John Capps; but having got the security they desired, they now seek to enforce the collection of the notes given by the defendant, and still retain the mortgage which was to be given as the consideration therefor, and allege the completion of the defendant's part of the contract, by executing the notes, as an exemption from a compliance with theirs. As the parties stand, the plaintiffs have the double security of the mortgage and the notes of the defendant, while he is without any security or indemnity for the liability which he has incurred. This inequality of condition is alike opposed to the principles of justice, and the agreement of the parties. The contract for the execution of the notes, and the assignment of the mortgage, is an entire one, and neither its mutuality, nor the reciprocity of its obligations, are impaired by the multiplicity of its parts, or the fact that some of them are oral, and others written; but all the stipulations of the parties are to be taken into view, and

construed with reference to each other, and the intention thus ascertained carried into operation.

This is the general rule of construction, where the intention of the parties is doubtful; but the intention of the parties in this case, as to the acts to be performed by each, is not left to be ascertained by construction; they are clearly expressed; and no reason is perceived why one should be compelled to perform his part of a mutual agreement, without a performance on the part of the other. Nor is the time of performance more ambiguous than the acts to be done; for the rule is well settled, that where the undertakings of the parties to a contract are mutual, one in consideration of the other, as in this case, and no time is fixed for their performance, they are to be regarded as dependent contracts, which neither party can enforce without averring and proving a performance, or at least an offer to perform, on his part.

As to Jabez Capps, the plaintiffs' title to recover is undisputed; but the plea of John Capps, being admitted by the demurrer, constitutes a good defence to the action against him. The decision of the Court, upon the demurrer, must, therefore, be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*